UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS EILAND, II,<br><br>Petitioner,<br><br>v.<br><br>SCOTT KERNAN,<br><br>Respondent. | No. 1:18-cv-00454-LJO-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION THAT THE COURT DENY PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)** |

Petitioner, James Curtis Eiland, II, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises two grounds for habeas relief: (1) ineffective assistance of counsel; and (2) violation of his Fourteenth Amendment Right to Due Process. The Court referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Having reviewed the record and applicable law, the undersigned recommends that the Court deny habeas relief.

## I. Procedural Background[1]

On October 21, 2013, Petitioner was charged with a nine counts of various sex crimes involving his two nephews, both minors. Although the alleged actions occurred over a period of

---

[1] The factual background, taken from the opinion of the Kern County Superior Court, *In Re James Curtis Eiland*, No. HC15417A (Sup. Ct. Apr. 12, 2017) (Lodged Doc. 2), is presumed to be correct. 28 U.S.C. § 2254(e)(1).

1

many years, the prosecution charged crimes occurring between January and July 2010—after Petitioner reached his 18th birthday.

Following his conviction on August 22, 2014 of six counts of child molestation, Petitioner filed a motion for a new trial based on insufficient evidence. On March 6, 2015, the trial judge found there was insufficient evidence to sustain the guilty verdict, and granted a new trial. The prosecution appealed the ruling, but ultimately abandoned the appeal.

The Kern County District Attorney refiled the nine-count complaint against Petitioner, and on October 2, 2015, Petitioner moved to dismiss the complaint on grounds of double jeopardy. Petitioner's motion contended the trial judge granted his motion for a new trial based on insufficient evidence to support a conviction as a matter of law, and as a result, the new trial should be barred by double jeopardy. The same judge who had previously granted the new trial motion, heard and denied the motion to dismiss on October 21, 2015. In denying the motion to dismiss, the trial court judge expressly stated that his ruling on the motion for a new trial was based on his independent examination of the evidence, not insufficient evidence as a matter law; therefore, double jeopardy did not bar the new trial. Petitioner then pled nolo contendere to sexual battery on December 18, 2015 in exchange for dismissal of all the remaining counts and allegations and a four-year sentence.

On February 15, 2017, Petitioner filed a petition for writ of habeas corpus in the Superior Court of Kern County, which was denied on April 12, 2017. On June 6, 2017, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District, which was summarily denied on December 20, 2017. (Lodged Doc. 8.) Petitioner appealed the decision to the California Supreme Court on December 29, 2017, which denied review on February 21, 2018. (Lodged Docs. 9, 10.)

On April 3, 2018, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) On July 23, 2018, Respondent filed an answer to the petition (Doc. 14), and Petitioner filed a reply on October 18, 2018 (Doc. 20).

**II.** **Standard of Review**

A person in custody as a result of the judgment of a state court may secure relief through a

petition for habeas corpus if the custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000). On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed thereafter. *Lindh v. Murphy*, 521 U.S. 320, 322–23 (1997). Under the statutory terms, the petition in this case is governed by AEDPA's provisions because it was filed April 24, 1996.

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under AEDPA, a petitioner can obtain habeas corpus relief only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70–71 (2003); *Williams*, 529 U.S. at 413.

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71. In doing so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court

3

must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

"A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, the AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102.

### III. The State Court Did Not Err in Rejecting Petitioner's Ineffective Assistance of Counsel Claim

In his first claim for habeas relief, Petitioner alleges a violation of his Sixth Amendment right to effective counsel. Petitioner contends his trial counsel unreasonably failed to appeal the trial court's ruling that double jeopardy did not bar Petitioner's new trial.

Respondent contends that Petitioner's ineffective assistance of counsel claim is precluded by the superior court's decision, which specifically held that the decision to grant a new trial was based on the weight of the evidence, rather than an acquittal based on insufficient evidence as a matter of law. As a result, any appeal of the trial court's order on Petitioner's motion to dismiss lacked merit and counsel reasonably declined to appeal the ruling.

#### A. Ineffective Assistance of Counsel Standard

The purpose of the Sixth Amendment right to counsel is to ensure that the defendant receives a fair trial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "[T]he right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). "The benchmark for judging any claim of ineffectiveness must be whether counsel's

conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness" at the time of trial and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The *Strickland* test requires Petitioner to establish two elements: (1) his attorneys' representation was deficient and (2) prejudice to Petitioner. Both elements are mixed questions of law and fact. *Id.* at 698.

These elements need not be considered in order. *Id.* at 697. "The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* If a court can resolve an ineffectiveness claim by finding a lack of prejudice, it need not consider whether counsel's performance was deficient. *Id.* Because federal courts presume the state courts understand and apply federal law correctly, and the *Strickland* test is highly deferential to trial counsel, "[r]eview of the deficient performance prong under § 2254(d)(1) is therefore 'doubly' deferential." *Cannedy v. Adams*, 706 F.3d 1148, 1161 (9th Cir.), *amended on denial of reh'g*, 733 F.3d 794 (9th Cir. 2013) (quoting *Harrington*, 562 U.S. at 105).

**B.  State Superior Court Opinion**

Because the California Court of Appeal and California Supreme Court summarily denied review, the Court must "look through" the summary denial to the last reasoned decision, which in this case, is the Kern County Superior Court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 803–06 (1991).

On habeas review before the superior court, the Kern County Superior Court rejected Petitioner's claim for ineffective assistance of counsel and found Petitioner's counsel was not ineffective because "counsel's conduct [was] reasonable and understandable." *In Re James Curtis Eiland*, No. HC15417A at 3 (Sup. Ct. Apr. 12, 2017). The trial court reasoned that Petitioner's counsel's decision not to challenge the trial court's denial of Petitioner's motion to dismiss was not erroneous because the trial court was clear that he was granting a new trial due to insufficient

evidence under California Penal Code Section 1181(6),[2] rather than an acquittal pursuant to Penal Code Section 1385(a).[3] *Id.* at 2. The trial court explained:

> Under P.C. § 1385(a), once the trial court dismisses the case notwithstanding a verdict, jeopardy attaches barring retrial. *People v. Pedroza* (2014) 231 Cal.App.4th 635, 645, *People v. Hatch* (2000) 22 Cal.4th 260, 266. However, that is not what occurred here.
>
> There is an important distinction which undermines Petitioner's argument. A dismissal of a case is different from granting a new trial on insufficient evidence. *People v. Pedroza* (2014) 231 Cal.App.4th 635, 644. The trial judge was clear that he was granting the new trial due to insufficient evidence under P.C. § 1181(6). There is no ambiguity in the record and the same judge affirmed his intent by denying the double jeopardy motion. Examination of the record reflects that the court used the word "acquit" in describing what the outcome of a trial should be where a reasonable jury follows the court's instructions and the evidence leaves them not knowing what to believe. If they cannot determine the facts from the evidence, then a defendant cannot be proven guilty beyond a reasonable doubt.
>
> The jury found otherwise and convicted Petitioner. The trial judge was faced with the unenviable task of preserving the sanctity of the jury process while at the same time granting relief to a beleaguered defendant based upon evidence the court believed did not support the verdict.

*Id.* at 2–3. The trial court concluded that "[d]ue to the denial of the motion to dismiss, and the possibility of a much longer prison sentence if Petitioner went to trial and was convicted again, counsel negotiated a favorable offer from the prosecutor." *Id.* at 3

///

---

[2] California Penal Code Section 1181(6) provides:

> When a verdict has been rendered or a finding made against the defendant, the court may, upon his application, grant a new trial, in the following cases only: . . . When the verdict or finding is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed[.]

[3] California Penal Code Section 1385(a) provides:

> The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter. A dismissal shall not be made for any cause that would be ground of demurrer to the accusatory pleading.

### C. Denial of Petitioner's Ineffective Assistance of Counsel Claim Was Not Objectively Unreasonable

In a habeas proceeding before this Court based on ineffective assistance of counsel, Petitioner must show that reasonable trial counsel would have appealed the trial court's ruling on his motion to dismiss and he was prejudiced by his counsel's decision not to appeal the ruling. To establish prejudice, Petitioner must demonstrate that there is a reasonable probability than an appeal of the trial court's ruling on the motion to dismiss would have been successful and his new trial would have been barred by the Double Jeopardy Clause. *Kelsaw v. Horel*, No. CIV S-08-1612, 2010 WL 3634337, at *12 (E.D. Cal. Sept. 14, 2010) (rejecting the petitioner's ineffective assistance of counsel claim where the petitioner "failed to demonstrate that he suffered actual prejudice, since there is no reasonable likelihood that such a claim would have been successful on appeal"). That is, Petitioner must show the trial court granted his motion for a new trial based on insufficient evidence as a matter of law under Penal Code Section 1385(a), which would preclude Petitioner's retrial on double jeopardy grounds,[4] not the weight of the evidence under Penal Code Section 1181(6), which would not preclude retrial.[5]

Here, Petitioner's counsel's decision not to appeal the trial court's ruling was not unreasonable and there is not a reasonable probability that an appeal would have succeeded. The trial court judge expressly clarified in his ruling on the motion to dismiss that in ruling on the motion for new trial, he was doing "exactly what I believe I'm called upon to do under 1181.6," and he "examined the evidence under a weight of the evidence standard under 1181.6[.]" (Lodged Doc. 7, Ex. C at 5.) Further, in denying Petitioner's habeas petition, the state court reviewed the trial court's decision on Petitioner's motion for a new trial and denying Petitioner's motion to dismiss, and expressly concluded that the court's decision to grant Petitioner a new trial was based on insufficient evidence under Penal Code Section 1181(6), not a dismissal under Penal Code

---

[4] "[U]nder Penal Code Section 1385, a trial court may dismiss a case for insufficient evidence as a matter of law." *People v. Pedroza*, 231 Cal. App. 4th 635, 644 (2014). "Double jeopardy does bar retrial, . . . when a court, using the 'substantial evidence' test, determines as a matter of law that the prosecution failed to prove its case." *People v. Lagunas*, 8 Cal. 4th 1030, 1039 n.6 (1994)).

[5] The California Supreme Court "has repeatedly held that an order granting a new trial under section 1181(6) is not an acquittal and does not bar retrial on double jeopardy grounds." *Porter v. Superior Court*, 47 Cal. 4th 125,133 (2009).

7

Section 1385(a). The state court found there was "no ambiguity in the record" and the "trial judge was clear that he was granting the new trial due to insufficient evidence under P.C. § 1181(6)." (Lodged Doc. 2 at 3.) As the state court concluded in Petitioner's habeas proceedings, the "trial court made its reasoning clear," and therefore, Petitioner's counsel's performance was not objectively deficient by negotiating a favorable plea agreement, rather than pursuing an appeal. "[C]ounsel's failure to make a futile motion does not constitute ineffective assistance of counsel." *See, e.g.*, *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994).

Additionally, Plaintiff was not prejudiced because there is not a reasonable possibility that an appeal of the trial court's ruling would have been successful. In considering a motion for a new trial made under Penal Code Section 1181(6), the court "independently examines all the evidence to determine whether it is sufficient to prove each required element beyond a reasonable doubt" and "extends no evidentiary deference" to the jury's verdict. *Porter*, 47 Cal. 4th at 133. In contrast, a ruling under Penal Code Section 1385, "will be construed as being based on legally insufficient evidence only if 'the record clearly indicates that the trial court applied the substantial evidence standard.'" *People v. Salgado*, 88 Cal. App. 4th 5, 10 (2001) (quoting *People v. Hatch*, 22 Cal.4th 260, 92 (2000)). Whether the court invokes Penal Code Section 1181 or Penal Code Section 1385 in its ruling is not dispositive in determining whether double jeopardy applies. *Pedroza*, 231 Cal. App. 4that 646 ("Although the court did not invoke section 1385, . . . the court explicitly stated it found insufficient evidence as a matter of law, and further stated it did not make its ruling as a 13th juror. . . . As such, retrial was barred[.]").

Here, there is not a reasonable possibility that Petitioner's appeal of the trial court ruling on his motion to dismiss would have succeeded because the record indicates the trial judge independently weighed the evidence pursuant to Penal Code Section 1181(6). The trial judge expressly stated that his duty was to "**independently weigh the evidence**" and he would "consider the proper weight to be accorded to the evidence and then decide whether or not, **in the Court's view**, there is sufficient, credible evidence to support the verdict. (Lodged Doc. 1, Ex. A at 3, 4 (emphasis added).) He did not indicate that he was determining whether there was "insufficient evidence as a matter of law" to convict Petitioner, as he would have done if he were applying the

standard under Penal Code Section 1385(a).

To the extent there was any ambiguity in the trial court's decision ordering a new trial, it is a question for the state courts, and the state courts' "construction of its prior opinion binds this Court." *Tibbs v. Fla.*, 457 U.S. 31, 46–47 (1982) (holding that the state court's determination regarding whether a conviction was overturned based evidentiary weight, or evidentiary sufficiency, was binding on the Court); *see also Wrinkles v. Buss*, 537 F.3d 804, 820–21 (7th Cir. 2008) ("When reviewing a state-court decision in federal courts, the resolution of potentially dispositive ambiguities occasioned by a state-court finding should be resolved, where possible, by reference to that state's law." (citing *Tibbs v. Florida*, 457 U.S. 31 (1982)); *Marshall v. Bristol Superior Court*, 753 F.3d 10, 12 (1st Cir. 2014) ("We hold that, under [*Tibbs v. Florida*, 457 U.S. 31 (1982)], this court is bound by the [Massachusetts Supreme Judicial Court's] interpretation of its earlier reversal and the requirements of Massachusetts law.").

Because the trial court's decision to grant Petitioner a new trial was based on the weight of the evidence under Penal Code Section 1181(6), double jeopardy did not bar Petitioner's retrial. Petitioner conceded as much in oral argument on his motion to dismiss before the trial court. (Lodge Doc. 7 at 10–11 (Court: "[I]f what I was doing was under the 1181.6 procedure then double jeopardy would not attach. I read your motion to concede that point. Am I correct?" Answer: "Yes."). Petitioner has failed to satisfy his burden of showing an appeal of the trial court's ruling on his motion to dismiss had a reasonable probability of success, and thus, he has failed to show he was prejudiced by trial counsel's decision not to appeal the ruling.

In response to the state court's conclusion that Petitioner's retrial was not barred by double jeopardy, Petitioner contends the state court misapplied the U.S. Supreme Court's decision in *Hudson v. Louisiana*, 450 U.S. 40 (1981), in which the U.S. Supreme Court reversed the Louisiana Supreme Court and held the petitioner's new trial was barred by the Double Jeopardy Clause. In *Hudson*, however, the Court found the Louisiana Supreme Court misapplied the U.S. Supreme Court's decision in *Burks v. United States*, 437 U.S. 1 (1978). Specifically, the Louisiana Supreme Court "seemed to believe, that double jeopardy protections are violated only when the prosecution has adduced no evidence at all of the crime or an element thereof." *Id.* at 43. Accordingly, after

reviewing the statements made by the trial judge and identifying the state court's erroneous application of federal law, the Supreme Court found the "trial judge granted the new trial because the State had failed to prove its case as a matter of law" and the petitioner's new trial was barred by the Double Jeopardy Clause. *Id.* at 44–45.

Here, unlike in *Hudson*, the California state court did not misinterpret federal law or misapply federal law to Petitioner's case. Petitioner's habeas petition hinges on the meaning of the trial court judge's words when he granted Petitioner's motion for a new trial, and whether the judge applied the evidentiary standard in Penal Code Section 1181(6) or Section 1385(a). The meaning of the trial court's statements is a question for the state court and "a federal court may not reach an independent conclusion on the subject, but must respect the state courts' resolution." *Rivera v. Sheriff of Cook Cty.*, 162 F.3d 486, 489 (7th Cir. 1998) ("Interpretation of an ambiguous statement by a judge does not present any question of constitutional law."). While Petitioner's habeas petition relies on the application of the federal protections against double jeopardy, the state court analyzed and determined the meaning of the trial court's ruling under California law and concluded Petitioner's new trial was not barred by the Double Jeopardy Clause of the Fifth Amendment. As the state court did not misapply *Hudson* or any other federal authority, the Court recommends dismissing Petitioner's claim for ineffective assistance of counsel.

**IV.     The State Court Did Not Err in Denying Petitioner's Claim for Habeas Corpus**

In his second ground for habeas relief, Petitioner contends the state court violated his Fourteenth Amendment right to due process because the state court "was required to issue an order to show cause" requiring Respondent to state why relief should not be granted with respect to the petitioner's Sixth Amendment Claim for ineffective assistance of counsel.

Respondent has failed to address this claim. The Court reminds Respondent that the Rules Governing Section 2254 cases requires Respondent to address all allegations in the petition. Rule 5(b) ("The answer must address the allegations in the petition.")

Nevertheless, Petitioner has the burden of showing by a preponderance of the evidence that he merits habeas relief. *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citing *Snook v. Wood*, 89 F.3d 605, 609 (9th Cir. 1996); *McKenzie v. McCormick*, 27 F.3d 1415, 1419 (9th Cir.

1994)). Consequently, the Court will address Petitioner's claim that he was denied due process under the Fourteenth Amendment because the trial court did not issue an order to show cause.

In a habeas proceeding, the state court accepts the petitioner's allegations as true, and decides "whether those allegations sufficed to establish a prima facie case of ineffective assistance." *Cannedy*, 706 F.3d at 1160 (citing *In re Harris*, 5 Cal.4th 813 (1993) ("[O]ne seeking relief on habeas corpus need only file a petition for the writ alleging facts which, if true, would entitle the petitioner to relief.")). "If the state court 'finds the factual allegations, taken as true, establish a prima facie case for relief, the court will issue an [Order to Show Cause]'" requiring a response from the state. *Bolin v. Chappell*, No. 1:99–cv–5279–LJO, 2012 WL 3646894, at *4 (E.D. Cal. Aug. 21, 2012) (quoting *People v. Duvall*, 9 Cal.4th 464, 475 (1995)); *see also* Cal. Rules of Court 4.551(c)(1) ("The court must issue an order to show cause if the petitioner has made a prima facie showing that he or she is entitled to relief."). "Issuance of an order to show cause triggers rights to conduct fact-finding in support of claims in the petition." *Cornwell v. Warden, San Quentin State Prison*, No. 206CV00705TLNKJN, 2018 WL 934542, at *14 (E.D. Cal. Feb. 15, 2018) (citing *Duvall*, 9 Cal.4th at 475–77)).

Here, the state court declined to issue an order to show cause, indicating that Petitioner's allegations failed to establish a prima facie case for habeas relief. Petitioner appears to contend that the rule requiring the state court to issue an order to show cause creates a liberty interest in the state habeas procedures that was violated when the state court declined to issue an order to show cause. Petitioner cites no authority for his assertion that the failure to issue an order to show cause is a violation of his due process rights and "[t]hat assertion cannot form the basis of a due process argument." *Cornwell*, 2018 WL 934542, at *14 (rejecting the petitioner's assertion that failure to issue an order to show cause violated his due process rights and commenting that the petitioner "creatively asserts that this rule creates a liberty interest in the state habeas procedures"). "[A]n expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." *Olim v. Wakinekona*, 461 U.S. 238, 250 n.12 (1983).

The state court denied Petitioner's claim for ineffective assistance of counsel and the undersigned has previously analyzed the state court's "decision to deny his claims without the

11

issuance of an [Order to Show Cause] or further factual development constituted an objectively unreasonable application of clearly established federal law or an unreasonable determination of the facts." *Beames v. Chappell*, No. 1:10-CV-01429-AWI, 2013 WL 5754938, at *12 (E.D. Cal. Oct. 23, 2013). The California state court rule governing when the state court issues an order to show cause does not create an additional basis for Petitioner to seek relief under the Due Process Clause. Accordingly, the Court recommends dismissing Petitioner's claim for violation of his due process rights under the Fourteenth Amendment.

**V.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists

of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court recommends declining to issue a certificate of appealability.

## VI.  Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 22, 2019**                /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE